Anna Y. Park, CA SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, CA SBN 286260
nakkisa.akhavan@eeoc.gov
Taylor Markey, CA SBN 319557
taylor.markey@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 785-3032
Facsimile: (213) 894-1301
E Mail:  lado.legal@eeoc.gov

Gaganjyot K. Sandhu, CA SBN 327379
gaganjyot.sandhu@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
555 W. Beech Street, Suite 504
San Diego, CA 92101
Telephone:  (213) 785-1610
Facsimile:  (213) 894-1301

Attorneys for Plaintiff
U.S. EEOC

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| U.S. Equal Employment Opportunity Commission,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>Good Health Manufacturing, Inc.<br><br>　　　　　Defendant. | Case No.: _____<br><br>**COMPLAINT – TITLE VII**<br>　• Sexual Harassment<br>　• Retaliation<br>　• Constructive Discharge<br><br>(42 U.S.C. §§ 2000e, et seq.)<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action brought by Plaintiff United States Equal Employment Opportunity Commission ("EEOC" or the "Commission") under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 ("Title VII"). The EEOC alleges that Good Health Manufacturing, Inc. unlawfully discriminated against Charging Party and a class of similarly aggrieved individuals on the basis of sex (female), retaliation, and/or constructive discharge in violation of Sections 703(a) and 704(a) of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.

2. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2003e-5(f)(1) and (3), and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

## PARTIES

4. The Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by §§ 706(f)(1) and (3), Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

5. At all relevant times, Defendant has continuously been a corporation doing business within Arizona and the jurisdiction of the United States District Court for the District of Arizona.

6. At all relevant times, Defendant has continuously employed fifteen (15) or more persons.

7. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e-(1)(b), (b), and (h).

## ADMINISTRATIVE PROCEDURES

8. More than thirty (30) days prior to the institution of this lawsuit, the Charging Party filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

9. Defendant received a copy of the charge of discrimination and participated in the Commission's investigation, including by responding to requests from the Commission for a position statement, information, and documents.

10. On March 29, 2023, the Commission issued Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated Title VII.

11. The Commission invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief. The Commission engaged in communications with Defendant and provided Defendant the opportunity to remedy the discriminatory practices as described in the Letter of Determination.

12. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

## STATEMENT OF CLAIMS

13. Since at least 2018, Defendant subjected Charging Party and a class of similarly aggrieved individuals to sexual harassment based on sex (female) in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1).

14. Defendant maintained a hostile work environment in which Charging Party and other aggrieved employees were subjected to frequent, ongoing, inappropriate, unwelcome, and offensive conduct of a sexual nature by other employees, including supervisors.

15. Charging Party and other aggrieved employees complained about harassment numerous times throughout the relevant period, but Defendant failed to take adequate steps to address the sexual harassment and misconduct.

16. The effect of the practices complained of above has been to deprive Charging Party and other aggrieved employees of equal employment opportunities and otherwise adversely affect their working conditions because of sex.

17. The unlawful employment practices complained of above were intentional.

18. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Charging Party and similarly aggrieved employees.

19. The unlawful employment practices complained of above caused Charging Party and other aggrieved employees to suffer emotional distress.

## **PRAYER FOR RELIEF**

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice in violation of Title VII, as amended.

B. Order Defendant to institute and carry out policies, practices, and programs to ensure that they would not engage in further unlawful employment practices in violation of Title VII, as amended.

C. Order Defendant to make whole Charging Party and other aggrieved employees by providing them compensation for past and future pecuniary losses, in amounts to be determined at trial, including but not limited to out-of-pocket expenses suffered by them which resulted from the unlawful employment practices described above.

D. Order Defendant to make whole Charging Party and other aggrieved employees for past and non-pecuniary losses resulting from the unlawful practices described above, in amounts to be determined at trial. The non-pecuniary losses include,

but are not limited to, emotional pain, suffering, inconvenience, mental anguish, humiliation, and loss of enjoyment of life.

  E.  Order Defendant to pay Charging Party and other aggrieved employees punitive damages for malicious and/or reckless conduct as described above, in amounts to be determined at trial.

  F.  Award the EEOC its costs of this Action.

  G.  Grant such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its Complaint.

Dated: July 8, 2024      Respectfully submitted,

            KARLA GILBRIDE
            General Counsel

            CHRISTOPHER LAGE
            Deputy General Counsel

            U.S. EQUAL EMPLOYMENT
            OPPORTUNITY COMMISSION
            131 "M" Street, N.E.
            Washington, D.C. 20507

By: _____
   ANNA Y. PARK
   Regional Attorney
   Los Angeles District Office
   U.S. EQUAL EMPLOYMENT
   OPPORTUNITY COMMISSION